# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MUHAMMAD FIZAN,

       Petitioner,

       v.                               Case No. 1:26-cv-01193 KWR-LF

WARDEN, *Torrance County Detention Facility*,
DAREN MARGLOIN, EOIR Director of the Department of Justice;
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

       Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 3). Petitioner is a non-citizen in ICE custody who has been detained since he was apprehended at or near the border. Petitioner asserts that he is entitled to a bond or custody hearing under 8 U.S.C. § 1226(a). But at the time of his detention at or near the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Petitioner is thus mandatorily detained under § 1225(b). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED** without prejudice.

Petitioner is a citizen of Pakistan.  Pet. ¶ 19, Doc. 3. He asserts that he entered the United States on or about February 13, 2025 near San Ysidro, California. Pet. ¶ 32.  He asserts that he was apprehended that same day. Pet. ¶ 33. He is currently detained at the Torrance County Detention Facility. Pet. ¶ 34. He was ordered removed on November 24, 2025. Pet. ¶ 37. He appealed his removal order on December 5, 2025, and his appeal remains pending. *Id*. Petitioner does not assert that he was ever paroled or released into the United States.

Petitioner asserts a variety of claims, all of which appear to be based on the failure to provide him a bond hearing under 8 U.S.C. § 1226(a). He asserts that the failure to provide him a bond hearing under 8 U.S.C. § 1226(a) violates his due process rights, the APA, and the INA.

Respondents assert that Petitioner is mandatorily detained under § 1225(b) and is not entitled to a bond hearing. The Court agrees with Respondents. It is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Petitioner was apprehended shortly after unlawfully crossing the border, and he has been detained since his initial arrest. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained soon after crossing the border. He has remained detained, and no party asserts that he was ever paroled or released into the United States. He is either an arriving alien detained under §

2

1225(b)(1), or he was seeking admission into the United States under § 1225(b)(2)(A). Therefore, Petitioner is mandatorily detained under § 1225(b) and he is not entitled to a bond hearing.

Petitioner cites to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner did not expressly assert a *Zadvydas* claim. To the extent the Court must construe the Petition as asserting a *Zadvydas* claim, it fails because Petitioner alleged that his appeal of his removal order remains pending. Therefore, any order of removal is not final.[1]

Petitioner's detention is not yet governed by § 1231, as Petitioner has not alleged facts suggesting that any removal order is final. Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i). Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA]

---

[1] The Court rules on the facts asserted in the Petition, and no party has updated the Court with any changed circumstances.

affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted).  The regulations set forth when an order of removal becomes final.  *See* 8 C.F.R. § 1241.1.  Here, a final order of removal has not been issued, as Petitioner's appeal of the removal order remains pending. Therefore, based on the facts currently before the Court, § 1231 does not apply here.

Petitioner asserts that his detention violates *Zadvydas*. *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under § 1231 pending his removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* addressed the unique situation where a final order of removal was entered, but it was not significantly likely that the noncitizen would be removed in the reasonably forseeable future, leading to indefinite detention. *Id.* at 690, 701. The Court held that such indefinite detention was unlawful. *Id.* However, *Zadvydas* does not apply to detention prior to the issuance of a final order of removal. The *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). *Zadvydas* does not apply here, as a final order of removal has not been entered and Petitioner is not detained under § 1231.

Similarly, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for prolonged detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he

4

was detained pending a decision on whether he was to be removed from the United States. Here, Petitioner has been detained since approximately February 2025.  A removal order was entered in November 2025, and his appeal of the removal order is pending.  He does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Respondents issued a removal order and Petitioner appealed that removal order. Therefore, Petitioner's *Zadvydas* claim fails.

The Court notes that Petitioner does not expressly challenge his detention as prolonged, or argue how his prolonged detention violates due process or entitles him to release or a bond hearing despite being mandatorily detained under § 1225(b). Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court declines to sua sponte raise or analyze a hypothetical constitutional claim which was not asserted or briefed. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 3) is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Temporary Restraining Order (Docs. 2, 4) are **DENIED AS MOOT**.

                                    _____/S/_____
                                    KEA W. RIGGS
                                    UNITED STATES DISTRICT JUDGE

6